NAME: OCEANUS PERRY (Register # 65754-061)

ADMIN. U.S.P. THOMSON

P.O. BOX 1002

THOMSON, ILLINOIS 61285

**RECEIVED**

JUN 2 1 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## - COMPLAINT -
### (cover sheet)

21 cv 50246
Judge Iain D. Johnston
Magistrate Judge Lisa A. Jensen

### (EXHAUSTION)

Jones v. Bock, 549 U.S. 199 (2007) and Ross v. Blake, 136 S.Ct. 1850 (2016) Established that inmates are only required to exhaust "AVAILABLE" REMEDIES.

### [JURISDICTION & VENUE]

This is a Civil action authorized under Title 28 U.S.Code §1331 and is designed to redress deprivation of Rights secured by The Constitution of The United States Of America. Plaintiff seeks multiple remedies herein especially IMMEDIATE INJUNCTION pursuant to 28 U.S.Code §§ 2283, 2284 and Rule 65 of Federal Rules Of Civil Procedure.

The Northern District of Illinois is the appropriate venue under 28 USC §1391(b)(2) because all events giving rise to claim occurred in Thomson, Illinois.

### RULE 38

Demand for jury trial for all current and future claims

The material facts of this claim are clear violations of B.O.P. Program Statements, 5500.12, 3420.11, and 5566.06, also 1012.24 compiled with 8th Amendment Of Constitution violations. As a result, all qualified immunity is WAIVED and Defendants become liable for criminal acts detailed herein and cannot claim ignorance of policy (due to "ANNUAL TRAINING") verification confirmation documents in Defendant's personnel files.

(s) Oceanus Perry (Plaintiff).                    DATE EXECUTED: June 9th, 2021 A.D.

Certified Mail # _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Oceanus Perry, Plaintiff,

V.

U.S.P. (SMU) THOMSON STAFF:

WARDEN (A. Ciolli); Lt. K. Dugdale;

Lt. J. Marquez; c/off. M. Gaston;

c/off. J. Vernard; c/off. A. Jones; et. al
 Defendants.

21 cv 50246
Judge Iain D. Johnston
Magistrate Judge Lisa A. Jensen

IMMANENT DANGER

(EXPIDITED BIVEN'S CLAIM)

COMPLAINT UNDER THE CONSTITUTION
(Title 28 U.S. Code § 1331, Bivens Claim)

∘ JURISDICTION: ALL events giving rise to claim occurred in Thomson, Iilinois / Northern District of Illinois.

∘∘ EXHAUSTION: Due to Nature & Severity of Claim (also Counselor Graham's refusal of Admin. Remedy Process).

I. Plaintiff. Name: Oceanus Perry, Register Number
 65754-061 ·

 Currently housed at Admin. U.S.P. Thomson

 P.O. Box 1002 / Thomson, Illinois 61285

II. Defendants. Name: A. Ciolli, Warden
 Admin. U.S.P. Thomson

 Name: K. Dugdale, lieutenant
 Admin. U.S.P. Thomson

(page 1 of 11)

II.
(cont.)

Name: M. Gaston, Corrections Officer
Admin. U.S.P. Thomson

Name: J. Marquez, lieutenant
Admin. U.S.P. Thomson

Name: J. Whalen, lieutenant
Admin. U.S.P. Thomson

Name: J. Vennard, Corrections Officer
Admin. U.S.P. Thomson

Name: A. Grunewald, Corrections Officer
Admin. U.S.P. Thomson

Name: A. Jones, Corrections Officer
Admin. U.S.P. Thomson .

III. Civil (Bivens) History.
   A.) Oceanus Perry v. Agricultural Dept.
   B.) 2015
   C.) Oceanus Perry, Plaintiff
   D.) Warden (J.C. Holland); Lt. Leroy Chaney
   E.) United States District Court, East District of Kentucky
     (at Pikeville)
   F.) Judge Read

(page 2 of 11)

III.
(cont.)

G.) Eight Amendment violation (cruel and unusal punishment, failure to proavide medical treatment) First Amendment

H.) Dismissed, summary judgment

I.) 2017

IV. Statement of Claim: IMMANENT DANGER (EIGHT AMENDMENT CRUEL AND UNUSUAL.)

Admin. Thomson staff are retaliating against me for exercising my First Amendment (to Constitution) Right and for utilizing the standards of inmate grievance procedures. (As defined in Title 28 Code Of Federal Regulations, Chapter 1, Section 40.9). Retaliation has taken the form of repeated assaults by staff and cell assignments wiith inmates wiith extensive assaults on their cellmateshistory.

On or around May 11th of 2021, I filed an administrative remedy form/grievance against Warden A. Ciolli for lying during an official investigation, and to my family, into the disciplinary history of incident report #341806y (code 224) issued at U.S.P. Victorville. On or around May 6th of 2021, F-2 unit was subject to a unit-wide shake-down/search. I was assigned to cell #33 which was searched around 9:30 AM unknown staff including Warden Ciolli. My property was vandalized to include water poured over

(page 3 of 11)

my legal work, U.S. Postal Service Certified Mail forms seized, postal stamps seized, and ink pens seized.

I filed a "sensitive BP-10" to the Nort Central Regional Director which I utilized Thomson's legal mail/special mail procedure to do on the date of May 11th of 2021. (See Remedy ID: 1077736-R1).

The following week, I called my family and notified them of the events related to my grievance and the bias and abusive treatment African American inmates experience at Admin. Thomson.

On May 22 of 2021, Officer Sizzler was working F-2 unit, around 12pm, when pressed her duress button on her radio allegedly due to an altercation. I was given a direct order to submit to handcuffs and as I was placing my hands through the wicket/food slot, an unknown officer threw a "flash-bang"/concussion grenade directly onto my lower back. When the grenade exploded, it caused injuries in the form of a hole/crater in my back, bruising and scarring to my head on left side. Grenades are weapons only authorized for use during cell extraction and removal teams (C.E.R.T.), as governed by Bureau Of Prisons Program Statement 5566.06, and must be stored in a secure room at all times.

When I placed my arms through the wicket/food

(page 4 of 11)

slot, an unknown officer began pulling and yanking on my left arm in an attempt to break my arm. I was then escorted out of the cell and to the showers where staff forcibly stripped my pants off. Next, I was escorted to the medical room in F-Unit.

I was given a medical assessment including photos and recording of my injuries. I had an approximate three (3) inch cut along the brow-ridge of my left eye, cuts and bruises on my left arm, an approximate thee (3) inch diameter hole in the lower-left side of of my back, and puncture wounds on the palm of my right hand. I requested medical treatment in the form of sutures or staples for the cut over my left eye, disinfect all wounds, and a tetanus shot. Medical staff failed to provide me any medical treatment and when I again requested medical treatment for my injuries, Lt. K. Dugdale told me "shut up! This is all your fault since you can't keep your mouth shut!" Then, Lt. K. Dugdale gave the two officers holding my arms to "shut him up" at which time both officers began twisting my arms and wrists, while I remained handcuffed behind my back, and striking me in the ribs. Later, I was escorted back to the shower where I remained until after the 4:00 PM security count.

On Monday, May 22nd of 2021, I was in the F-2 unit

(page 5 of 11)

recreation cage when I observed Officer M. Gaston approach an inmate in the first recreation cage upon coming out of F-2 unit. Officer M. Gaston stated "I have an inmate from the Mid-West that I want you to put some 'work' in on. Yeah we want him beat up real bad". The inmate said that he had to find someone else to do it. I was the only inmate from the Mid-West in F-2 unit that did not have a cellmate.

On Wensday, May 26th of 2021, Officer N. Graham came to my assigned cell in F-2 unit, #32, and told me that I was getting a cellmate. I had already submitted to handcuffs and then my door was opened. The inmate came in the doorway and looked at my identification tag on the cell door. Next, the inmate said "are you from Ohio? I am from Ohio too. Look, they wanted me to 'take-off'/assault you, but I'm not going to do it". The inmate refused to come into my assigned cell. I asked to speak to a lieutenant because I still had open wounds from May 22nd and Bureau of Prisons policy states that I am allowed a grace period to heal up. Lt. K. Dugdale came to my cell and said "this move was approved by S.I.S. and Deputy Captain Leonowicz". Then, Dugdale told me that I was going to receive an incident report for refusing a cellmate and then he left. My handcuffs were removed and I sat down on the bunk.

(page 6 of 11)

Approximately a half hour later, Officer M. Gaston came to cell #32 and told me to "pack up because we are going to move you to F-3 unit". I asked M. Gaston who I was going to move into the cell with? His response was "you are going into the cell with the same guy we just brought over here".

I asked M. Gaston why I was being targeted and what was the issue he and Lt. K. Dugdale had with me? M. Gaston replied you are the one who was throwing our names around. Both of you inmates know how this goes. All you have to do is handle your business and put some work in." I asked M. Gaston what would happen if I refused and he said "we are going to C.E.R.T. team you and then put you in restraints and after that we are going to put you in the cell with him anyway". Approximately a half hour later Officers M. Gaston and Halberg escorted me to F-3 unit accompanied by psychology treatment specialist McCain. The same inmate refused me again and I overherd Lt. K. Dugale and Officer M. Gaston arguing with the inmate who had just refused to accept me as his cellmate.

Lt. K. Dugdle stated "you fight every cellmate that you get. What makes Perry so different? You are not as crazy as me thought you were". Officer M. Gaston stated "you don't want to handle your business so you don't have

(page 7 of 11)

anything coming!" Next, Lt. Dugdle ordered me to be moved to cell #19 in cellblock/Unit F-3 instead of returning me to F-2 unit.

I attempted to speak to Lt. K. Dugdale Dugale before he left F-3 unit with M. Gaston. Lt. K. Dugale stopped by my door and said "you don't have anything coming. This isn't over."

On Friday, May 28th of 2021, Lt. K. Dugale came to my assigned cell in F-3 unit, cell #33, and notified me that "inmate Ward is moving into your cell. He just came out of suicide watch today". I notified Lt. Dugdle that I had an inmate from my geographic area who was next door who I wanted to give him an opportunity to move into my assigned cell. I gave him my request to staff form requesting that cell move. Lt. K. Dugale refused my request and said that Deputy Captain Justin Leonowicz approved inmate Ward to move into my cell. I responded by stating that the lieutenant way lying because Inmate D. Ward is from Texas and I am from Ohio and policy states that inmates from the same geographic area must cell together. He replied "I am going to make sure you get what you got coming". Around five minutes later, Officers A. Jones and J. Vernard came to my cell door and began taunting me and threaten-ing me with violence. I asked them what was the problem and both officers replied "the lieutenant told us that you

(page 8 of 11)

refused a cellie". The officers gave me an order to "cuff-up". I asked what for and both officers smiled and said we want to take you some place". I told the officers that I was aware of their reputation for assaulting inmate while they were in handcuffs. Both officers left and the 4:00pm security count was conducted.

Around 4:30 pm, on May 28th of 2021, Lieutenant J. Marquez came to cell #33 and told me to "submit to hand-restraints". He was accompanied by a C.E.R.T. team. I placed my hands through the food slot/wicket in order to be handcuffed and when I did so, Lt. J. Marquez pushed my hands back through the wicket and said "you are a pussy for cuffing up. We wanted to kick your ass." Again I placed my hands through the wicket and this time an un-known officer placed the handcuffs on my wrist extremely tight instantly cutting off my circulation. I was bent over and escorted to the F-Unit sallyport where I was twice assaulted by staff.

The first assault occurred while approximately four C.E.R.T. team members were holding my head, arms, and shins while another officer removed my shoes and socks. Using my peripheral vision, I noticed Lt. K. Dugdale holding his right hand by his waist, signal C.E.R.T. team members who rammed me head first into the ground.

(page 9 of 11)

Next, Officer A. Jones reached up between my legs and into my groin area. He first squeezed and then twisted and pulled my testicles. Officer J. Vennard rammed my head into the ground and placed the weight of his upper body on my forehead area and reopened the cut over my brow-ridge as a result. The second assault in the sally port occurred when staff placed me into paper clothing. Again, I noticed Lt. K. Dugdle give the signal with his hand causing staff to assault me. I felt a sharp pain in my left forearm and the hole in my lower back began to bleed. Then, I was placed in hard ambulatory restraints and placed in the straps of a restraint chair and wheeled into cell #22 in F-3unit where I remained restrained in that condition for approx. 15 hours. (This occurred around 4:55pm).

While I was in the "Pro Straint" restraint chair and in ambula-tory restraint chains, I was assaulted by Officers J. Vennard and Grunewald who would place the protective, two handeled, plexiglass shield's bottom edge on both of my wrists and then press down while using the center of the shield to press into my face causing my head to snap back.

On Saturday, May 29th of 2021, Lt. K. Dugale came into the restraint room and ordered me to go into the cell with Inmate D. Ward in cell #17 of F-3unit. I stated to Lt. Dugale that he intended for me to be assaulted because Depbuty Cpt. J. Leonowicz did not approve the cell move. His reply was "you're right. This is just something that I am doing. I can solve two problems

at one time".

I was taken out of cell #22 and placed in regular/standard ambulatory restraints in cell #23 for approximately two hours. Then, I was escorted to cell #17 with Inmate D. Ward. Lt. Dugale came into cell #17 while Officer A. Jones and another officer stood inside the door way. Lt. Dugdale stated "I will have to come up with something else" once Inmate Ward notified him that he was an associate of mine that he knew from Lewisburg S.M.U..

V. RELIEF SOUGHT. { DUE TO "CLASSIFICATION 1" MISCONDUCT AS DEFINED IN B.O.P. PS 1012.24, F.B.I. PROSECUTION }

I, Oceanus Perry, Claimant seek immediate transfer to a seperate institution due to the continual threat to my life and well-being. (In the least of actions to halt continued conspiracy to violate my civil rights, assign Inmate Oceanus Perry to "single-cell occupant" status for the remainder of term at S.M.U./Admin. Thomson). Furthermore, issue a restraining/separation order between Claimant/ Inmate Oceanus Perry (Register No. 65754-061) and named Defendants. Pay damages ($10 million), including punative, to Petitioner/Claimant.


* Petitioner/Claimant has met reprisal(s) standard as defined in the case of Thaddeous-X v. Blatter, (1989).
** I, Oceanus Perry, certify the aforegoing factual statement is true, correct, and complete under Penalty Of Perjury. (Title 28 U.S.C. §§ 1746 (5) Oceanus Perry (#65754-061) (page 11 of 11)       DATE DONE: JUNE 7, 2021 AD