[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

Oceanus Perry

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

THOMSON'S WARDEN (A. LIOLLI JR.)
COR./OFF. (N. SIZLER); UNKOWN OFFICERS;
LT. (K. DUGDALE); ASST. ST. HEALTH
SERVICES ADMIN. (B. TAYLOR);
NURSES (V. GARCIA, C. WIEMERA,
BERGMAN, C. BUNGARD, J. MCOY,
C. HORST, SWEENEY); E. MED. TECH. &
NURSE (MILLER) [K. LETCHER, TROUTMAN];
N. CENTRAL REG. DIRECTOR (J.E.
KREUGER); F-UNIT MANAGER (K.
SMIDDY); S.I.S. (LT. J. WHALEN);
COR./OFF. (B. HORTON), COR./OFF. (HAUBERG).

(Enter above the full name of ALL
defendants in this action. **Do not**
use "et al.")

RECEIVED

NOV 2 3 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No: 21 - CV - 50246

(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

☐ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

✓ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants) " 3 AC "

☐ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

A. Name: OCEANUS PERRY

B. List all aliases: _____

C. Prisoner identification number: 65754-061

D. Place of present confinement: ADMIN. U.S.P. THOMSON

E. Address: BOX 1002 / THOMSON, ILLINOIS 61285

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: A. Ciolli, Jr.

Title: WARDEN (U.S.P. THOMSON)

Place of Employment: U.S.P. THOMSON / THOMSON, ILL 61285

B. Defendant: N. SIZZLER

Title: CORRECTIONS OFFICER

Place of Employment: U.S.P. THOMSON / THOMSON, ILL 61285

C. Defendant: K. DUGDALE

Title: LIEUTENANT

Place of Employment: U.S.P. THOMSON / THOMSON, ILL 61285

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

(3AC)

2

Revised 9/2007

II. DEFENDANTS:

D. Defendant: B. TAYLOR
   Title: ASSIS. HEALTH SERVICES ADMINISTRATOR
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

E. Defendant: VENESSA GARCIA
   Title: NURSE
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

F. Defendant: C. WIEMERA
   Title: NURSE
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

G. Defendant: BERGMAN
   Title: NURSE
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

H. Defendant: C. BUNGARD
   Title: NURSE
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

I. Defendant: SIMCOX
   Title: NURSE
   Place of Employment: U.S.P. THOMSON/THOMSON, ILL 61285

[Cont. Page]
[2-A]

II DEFENDANTS:

J. Defendant: C. HORST
Title: NURSE
Place of Employment: U.S.P. THOMSON / THOMSON, ILL. 61285

K. Defendant: SWEENEY
Title: NURSE
Place of Employment: U.S.P. THOMSON / THOMSON, ILL. 61285

L. Defendant: MILLER, K.
Title: EM. MEDICAL TECH. NURSE
Place of Employment: U.S.P. THOMSON / THOMSON, ILL. 61285

M. Defendant: K. LETCHER
Title: EM. MEDICAL TECH.
Place of Employment: U.S.P. THOMSON / THOMSON, ILL. 61285

N. Defendant: TROUTMAN
Title: EM. MEDICAL TECH.
Place of Employment: U.S.P. THOMSON / THOMSON, ILL. 61285

O. Defendant: J.E. KREUGER
Title: N. CENTRAL REGIONAL DIRECTOR
Place of Employment: N. CENTRAL REGIONAL OFFICE
400 STATE AVE. / GATEWAY TOWER II 8TH FLOOR
KANSAS CITY, KANSAS 66101
[ cont. page 2-B ]

II. DEFENDANTS:

P. Defendant: K. SMIDDY
Title: F-UNIT MANAGER
Place of Employment: U.S.P. THOMSON/THOMSON, ILL. 61285

Q. Defendant: J. WHALEN
Title: S.I.S. (LIEUTENANT)
Place of Employment: U.S.P. THOMSON/THOMSON, ILL. 61285

R. Defendant: B. HORTON
Title: CORRECTIONAL OFFICER
Place of Employment: U.S.P. THOMSON/THOMSON, ILL. 61285

S. Defendant: HAUBERG
Title: CORRECTIONAL OFFICER
Place of Employment: U.S.P. THOMSON/THOMSON, ILL. 61285

[cont. page]
[2-c]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Oceanus Perry V. AGRICULTURAL DEPT., et al.     CASE # 6:14-160-DCR

B. Approximate date of filing lawsuit: JULY, 2014

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: Lt. LEROY CHANEY, Lt. DAVID ALTIZER, Lt. WEISS, NURSE FOWLER, NURSE SUMNER

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF KENTUCKY (LONDON)

F. Name of judge to whom case was assigned: DANNY C. REEVES

G. Basic claim made: EXCESSIVE USE OF FORCE, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CASE DISMISSED, PURSUANT TO RULE 56, ON FEB. 29, 2016

I. Approximate date of disposition: FEB. 29, 2016

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

(3AD)
3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**IV. Statement of Claim:** EIGHTH AMENDMENT VIOLATION (FAILURE TO PROTECT, STAFF'S EXCESSIVE USE OF FORCE, DELIBERATE INDIFFERENCE)

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On May 22nd of 2021, around 12PM, I was assaulted by my cellmate whom staff had prior knowledge I was not supposed to be in a cell with. The attack was unprovoked on my behalf and occured in cell #32 of E2 unit. Officer "Sizler" pressed the duress button on her radio and then ordered my cellmate to submit to handcuffs which he did. Next, I went to the wicket/food-slot in the door when Officer Sizzler used her "OC"/mace on me without cause. I stated "what are you doing? I have asthma!" As I was turned with my back facing staff and while placing my my hands through the food-slot, an unknown male officer ordered Officer Sizzler to "move out of the way!" At that point I turned, only my head, and witnessed the male officer throw a gernade/munitions directly on the lower left side of my back where it exploded. The gernade is part of "use of force" weapons used to extract inmates from cells whom have refused to exit the cell. The munitions/gernade, upon explosion, releases/projects the top/lever and the body of the gernade breaks apart as scrapnel. Bureau Of Prisons Program Statement 5566.06 ("use of

(3AC)
4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

force") makes it illegal for a corrections officers to access the munitions and possess it in order to be able to throw the gernade directly on an inmate, instead of into an open area of a cell during Cell Extraction Removal Team (CERT), which was a violation of my right to a safe enviornment and to be free from torture. When the gernade exploded on my back, it placed a hole/crater in my back where it landed and the handle/lever, as a part of the scrapnel, caused a cut above my left eye. I screamed and placed my hands through the food-slot at which time an unknown male officer grabbed my wrists and pulled my arms through the food-slot until my elbow was exposed and began forcibly pulling my arms up and down in an attempt to break my left arm and causing cuts, bruising, and damage to ligaments in my left arm and left elbow. Those acts were recorded by F-2 unit surveillance cameras of which I requested the footage, for 5/22/2021, via Freedom Of Information Act. I was then forced to bend at the waist and walk backwards as I was escorted to shower stall "C" in F-2 unit where an unknown staff member took my pants off and left me only in my boxer-shorts. I stated "Why did staff mace me, throw a bomb on me and then try to break my arm for no reason?" The unknown staff member replied "Shut up." "We are going to take you for medical

(3AC)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

assessment for your fight and if you start bitching and complaining we are really going to fuck you up!" Approximately several minutes later, I was taken to the medical assessment room near the enterance of F-unit for a medical assessment. I was escorted by Lt. K. Dugdale and two unknown officers to the medical room in F-unit. I told Lt. K. Dugdale that I had trouble seeing due to being maced in the face and blood running into my left eye from the bomb thrown onto me. Lt. K. Dugdale told me "Shut up! You brought this on yourself." I then asked Dugdale exactly what he meant by his statement and Dugdale said that I had a "big mouth" and insinuated that I had reported/filed staff misconduct claims. Nurse Bergman conducted the medical assessment, but downgraded my injuries in her medical report and failed to report Lt. K. Dugdale's and the accompanying officers misconduct in the medical room. Nurse Bergman has been accused of misconduct, as stated above, previously at the institution and her misconduct has been ground for civil suits. I requested stiches/sutures for the cut above my left eye and for the hole in my back. Nurse Bergman looked at my back and then asked what caused the hole in my back? I notified Nurse Bergman that staff had removed a gernade from his pocket and threw it directly on my back and then attempted to break my arm. I also told Nurse Bergman that I had two wounds to my right palm, later determined by Nurse Simcox around May 29th, to be puncture wounds, that I noticed

[cont. page 5-A]

and requested a tetnis shot to prevent infection. Lt. K. Dugdale ordered the two guards escorting me to "shut him up". I was mistreated and abused by the two officers at Lt. K. Dugdale's direction and those events were omitted from Nurse Bergman's medical report and the nurse failed in her duty to report misconduct to S.I.S. staff or S.I.A (Ramirez) to my knowledge. (On May 28th and May 29th of 2021, I was in the pro-straint chair and ambulatory restraints, in cell #22 of F-3 unit, when I asked Lt. K. Dugdale why he ordered staff to mistreat and/or abuse me on May 22nd and staff present in the restraint room witnessed Dugdale's denial and then statement "I've been doing this for twenty years. You can't beat me!!"). Nurse Bergman placed gauze over the cut on my left eye, on the hole in my lower back, and wrapped a bandage over the wounds in my right palm. As I was escorted from the medical room, I stated to Lt. K. Dugdale that I was going to report himself and the staff he ordered to "shut" me up for misconduct. Lt. K. Dugdale replied "that is what got you into this mess in the first place". I was returned to shower stall "c" in F-2 unit where I waited until around 4:30 PM to be escorted back to cell #32 in F-2 unit.

I had given notice of misclassification and cell assignment error to staff since January 7th of 2021. Those notices included grounds for natural and documented incompatability along with request for cell assignment change. I gave the above "request to staff" forms to S.I.S. (Lt. J. Whalen), Deputy Captain (Justin

[cont. page 5-B]

Leonowicz), F-Unit Manager (K.Smiddy), Officer (B.Horton), and Officer (Hauberg). No action was taken at the institutional level. As a result, I filed administrative remedy (ID:10777-30-F1, Attached). I also filed administrative remedy to the North Central Office's Regional Director in May of 2021. Again no action was taken nor was I consulted regarding those administrative remedies. My daily quality of life was diminished due to the extreme anixety and mental anguish I suffered knowing that Bureau of Prisons staff disregarded their duty to provide me a safe enviornment and hindered my ability to successfully complete the program.

I have attached the administrative remedy that I filed around May 28th, after the May 22 of 2021 assault(s) which requested medical treatment for my injuries, expunge incident report #3506822, retain camera footage from May 22nd, and a notice that due to prior knowledge of my misclassification, et cetera, staff was responsible for my injuries. I later received a response that "all claims of misconduct will be investigated", but no action was taken.

As a result the May 22nd, 2021 assault(s), I have impared vision in my left eye, cuts, bruises, scarring, ligament damage, nerve damage, et cetera.

[cont. page]
[5-c]

Thomson's medical staff has been deliberately indifferent to my medical needs in violation of Title 18 U.S.Code §4042 and Bureau of Prisons Program Statement 6013.10 (Health Services Quality Improvment Act). My injuries resulting from my being assaulted on May 22,2021 were both serious and obvious. My quality of life was diminished and I experienced anxiety and mental anguish from denial of care.

From 5/24/2021 until 6/11/2021, I filed several medical requests for treatment of my injuries from being assaulted on 5/22/2021. Said medical requests are commonly referred to as "sick-call requests. I submitted sick-call requests at least twice a week (usually Mondays and Thursdays) and I also displayed my injuries to medical staff as they made rounds. Medical staff failed to provide immediate care for any of my ailments which included open wounds to my eye, back, palm/hand and also swelling and discoloration of arms, head, back, et cetera. No follow-up/secondary care was provided for my acknowledged injuries by medical staff. I was never evaluated, after 5/22/2021 assaults, by medical staff nor was I advised on how to procede in order to receive any care in the event that Thomson's staff had a seperate means to determine which inmates were treated because obviously U.S.Code/statute(s), Code of Federal Regulations, and B.O.P. Program Statement(s) were not being adhered to. I notified Nurses (Bergman, V.Garcia, C.Wiemera, Simcox, C.Bungard, Horst, and Sweeney) and also E.MT(s) (K.Letcher, Miller [NURSE], Troutman) and Assistant Health Services Administrator (B.Taylor) and Regional Director (J.E.Kreuger).

[Cont. page 5-D]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.     Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Thomson U.S.P. staff and all B.O.P. staff sign a contract, contained in their personnel file, alleging they have completed training in the "Correctional Officers Manual" and also anual training in their respective positions. As a result, all staff were aware that their actions or inactions violated my rights. Thus, there is no immunity. * I demand Ten-million dollars in damages (Compensation, and punitive), attorney fees, etcetera.

**VI.     The plaintiff demands that the case be tried by a jury.**   ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __15__ day of __November__ 20__21__

_____
(Signature of plaintiff or plaintiffs)

_OCEANUS PERRY_
(Print name)

_REGISTER # 65754-061_
(I.D. Number)

_ADMIN, U.S.P. THOMSON_

_BOX 1002 / THOMSON, ILLINOIS 61285_
(Address)

(3AC)
6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



U.S. POSTAGE PAID
FCM LETTER
THOMSON, IL
61285
NOV 19, 21
AMOUNT
$0.00
R2304W121497-12

61101

1000

UNITED STATES POSTAL SERVICE

CERTIFIED MAIL

7019 0140 0000 4519 9138

CLERK'S OFFICE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
327 SOUTH CHURCH STREET
ROCKFORD, ILLINOIS 61101

RECEIVED
NOV 23 2021
U.S. MARSHALS

INMATE
IDENTIFICATION
CONFIRMED

OCEANUS PERRY
REGISTER # 65754-061
ADMIN. U.S.P. THOMSON
P.O. BOX 1002
THOMSON, ILL 61285

Case: 3:21-cv-50246 Document #: 45 Filed: 01/10/22 Page 15 of 15 PageID #:322

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

AUSP Thomson
Received in CSP

AUSP Thomson
Received in CSP

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 1002
THOMSON, IL 61285

The enclosed letter was processed on _____ through special mailing procedures. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed materials to the above address.