Oceanus Perry (Reg. # 65754-061)
A.U.S.P. Thomson
Box 1002 - Thomson, IL 61285

**FILED**

SEP 14 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Oceanus Perry, Plaintiff,

v.

Vanessa Garcia, et al., Defendants,

Case No. 21-CV-50246
Appeal No. 22-2355
Mag. Judge Margaret J. Schneider

## MOTION FOR DIRECTED JUDGMENT UNDER F.R.Cv.P. (RULE 12(a)(1)(A)(i))

COMES NOW, Oceanus Perry, Plaintiff, pro se, moving This Court to Honor F.R.Cv.P. by granting this "Motion For Directed Judgment Under Fed. R. Civil. Proc. - Rule 12(a)(1)(A)(i)". This request is brought under the maxim of "equitable tolling", impartiality, and Due Process. Liberal Construction of pro se filings means the court must fully explore and develop all issues raised therein. (See Haines v. Kerner, 145 U.S. 458 (1972).

GROUNDS FOR RELIEF. The district court (Magistrate Schneider and Judge I.D. Johnston) appear to have disregarded rules of equity, impartiality, due process, and fair play by repeatedly ordering and/or granting frivolous continuances to Defendants. Not to mention, court imposed extensions of time to file responsive pleading(s) to Plaintiff's complaint and also request for extensions from U.S. Attorney's Office who admittantly does not represent Defendants. As a result, Plaintiff is entitled to a directed verdict as remedy.
*(See Memorandum In Support, Attached).*

(5) Oceanus Perry (Pro se)   (Page 1 of  )   Date: September 7, 2022.

# * MEMORANDUM IN SUPPORT *

The district court issued an order dated June 1st, 2022 which extended Defendant's time limit to file a responsive pleading to Plaintiff's complaint (39) days after Defendant's (30) day lapse past the 21 day deadline as per Rule 12(a)(1)(A)(i). (See docket 62).

Plaintiff now files this motion in contest to the latest of these two extensions (by A.U.S. Attorney's office) due to clear error.

Judge Ian D. Johnston's ruling was plane error. The Fed. Rules Cv. Proc. give no grounds for discretionary "orders" to the contrary of Rule 12. (Emphasis Added). Furthermore, the rules of civil procedure are clear that Defendants have 21 days to file a responsive pleading and the District Court acknowledged in its June 1st order, Defendants had already exceeded the time restraints by (30) days at the time of said order. Yet the district court not only extended the deadline until July 10, 2022, but also petitioned for representation from the U.S. Attorney's Office clearly to assist in the Defendant's means to contest the complaint. Defendants were given notice of procedural obligations by the court, but if Defendants choose to ignore obligations, this court cannot intercede on their behalf. That gives the appearance of bias or personal interest in the outcome of this action and thereby triggers recusal considerations. (Emphasis Added). (See Title 28 U.S.C. § 144, et cetera).

Despite duties under civil proceedings, the district court Clerk has repeatedly failed to notify Plaintiff of developments of his Bivens suit, as directed above which has prejudiced Plaintiff's

(PAGE 2 OF )

right to due process. For instance, Plaintiff should have been notified when Defendants were served in order to track time restraints and file Rule 12(a)(1)(A) motion(s) after 21 days from service.

At face value, district court's rulings display bias in favor of the Defendants. It is clear that district court's rulings and also the failure to notify Plaintiff have severly hindered Plaintiff's ability to litigate his Bivens claim which was entitled to a default judgment since around May 2 of 2022.

On May 2, 2022 the district court was only authorized to order Defendants to file a motion, under Rule 55 of F.R.Cv.P., to show cause why a directed judgment should not be entered against them. However, the district court took the liberty of permitting Defendants an extra (30) days to file a responsive pleading, all of which violate procedural rules, but after all, that is what friends are for! To add to the prejudicial error, the district court ruled to give Defendants a second extension of time (until July 10, 2022) and took steps to obtain counsel for Defendants. Plaintiff was essentially excluded from a critical stage of his Bivens action and the "ex parté" proceedings prohibited Plaintiff from requesting a directed judgment on May 2nd or again on June 1st because Judge I.D. Johnston misstated procedural facts when in his May 12, 2022 order he stated "no Defendants have been served".

Clearly the above detailed "acts and omissions" by Judge Johnston and the Clerk constitute procedural bias against Plaintiff and a failure

(PAGE 3 OF )

to perform clerical duties despite inquiries by Plaintiff. Judicial staff should display exemplary "ethical" conduct at all times. (See Affidavit and docket enteries 62, 65, 66, 57, 55 as supporting exhibits).

Most recently, the Assistant U.S. Attorney, admittantly a "NON-PARTY", has again requested a continuance from the September 8th deadline. Worse still Magistrate M.J. Schneider failed to hold a hearing in light of Plaintiff's obvious notice of intent to contest any extension and instead granted the extension, until October 24th, as a matter of course. Clearly, court personnel intent to run-over Plaintiff's Right to Due Process and compelling appellate review if said errors are not immediately corrected at the district level!

In Summation, the district court committed plane error by not notifying Plaintiff that Defendants had been served and later that the (21) day limitation to file responsive pleading to complaint had expired. Those facts of this Bivens action triggered Rule 55 obligation on Defendants to show "cause", within (14) days, exactly why a directed judgment against them should not be entered. Sadly, the district court shirked its duty procedurally and ethically by deciding to let (30) days lapse after the 21 day deadline under Rule 12(a)(1)(A)(i). There are many Defendants which had been served at the time. Thus, two or more Defendants not being served at that time was insignificant procedurally and does not excuse the procedural violations.

Court personell then compounded the injury to Plaintiff's due process Right by "ordering" an additional (39) day extension that

(PAGE 4 OF )

was not requested by Defendants. This deadline was July 10, 2022. Again the Court ignored Defendant's acquiesence to the liability of the complaint and inserted its/Court's intent to contest the complaint by soliciting legal representation for Defendants despite the well established precedent that U.S. Attorney's Office CANNOT represent Defendants and yet continues to request continuances without authorization.

Webster's Dictionary and Black's Law Dictionary were sought by Plaintiff to attempt to gain understanding of Magistrate Schneider's and Judge I.D. Johnston's confusion regarding Plaintiff's grasp of Biven's proceedings. Specifically, the word "layman" of law is not synonamous with the words fool, idiot, or imbecil. Therefore, Plaintiff being a layman at law does not mean he has no grasp or understanding of these proceedings especially his rights therein.

Considering Defendants inability, unconcern, and disregard for a defense to claim and procedural errors by the Court, precedent mandates returning to the point of error. As a result, Plaintiff humbly behoves This Court to honor Federal Rules Of Civil Procedure by granting a directed judgment in Plaintiff's favor as per Rule 12(a)(1)(A)(i) without delay.

Respectfully Submitted,
(s) Oceanus Perny (PRO SE)

DATE: Sep. 7th, 2022.