OCEANUS PERRY (Co#65754-061)
U.S.P-COLEMAN(FLORIDA)-PEN 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (W. DIV.) **FILED**

Oceanus Perry
        Plaintiff,

V.

VANESSA GARCIA, et al.,
      Defendants.

APR 16 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 21-CV-50246
COMPLAINT UNDER F.O.I.A. &
PRIVACY ACTS (5 §§552, 552(a))

COMES NOW, Oceanus Perry, without counsel, stating the following as his authorization and cause of action:

## - AUTHORITY -

The F.O.I.A. (5 U.S.C. §552), under 5 U.S.C. §(a)(4)(B), provides that such an action may be brought in the district court of the U.S. in the district in which the complaint resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia.

The PRIVACY ACT (5 U.S.C. §552(a)), under 5 U.S.C. §552(a)(g)(5), provides that an action to enforce any liability created under this section may be brought in the district of the United States in the district court in which the complaint resides, or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

## (NOTICE.)

Requested info./documents originated at U.S.P.-Coleman 1 and copies transfered/forwarded to F.B.O.P.-Central Office & S.E. Regional Off..
      - Pg. 1 of 4 -

— JURISDICTION —

1.) This cause of action arises under the provisions of the Freedom Of Information Act, 5 U.S.C. §552 and 5 U.S.C. §552(a), and This Court has jurisdiction and venue in this matter by virtue of the provisions of 5 U.S.C. §§552(a)(4)(B), 552(a)(g)(5).

2.) The Plaintiff was being housed at U.S.P.-Coleman 1 both currently and also on August 10, 2023 - in L Unit, Cell #130 (date of interest).

3.) On or about August 10, 2023, U.S.P.-Coleman 1/L-Housing Unit's C.C.T.V./surveillance cameras recorded events (around 1pm TO/UNTIL 3:30 PM) which was subject of the F.O.I.A. request. SEE ADMIN. REMEDY ID: 1172722-R1 (SABOTAGED BY U/MGR-R.ORTIZ).

4.) The Defendant (to F.O.I.A. violation)/J.Villa (acting attorney) is an employee of the Dept. of Justice which has among its constituent agencies, the F.B.O.P., herein named as a Defendant.

5.) The F.B.O.P. is an agency within the meaning of the term "agency" as that term is used in the F.O.I.A. and P.A.

6.) U.S.P.-Coleman 1 staff (S.I.S. Lt. Kincade), U.S.P.-Coleman 2 staff (Officers A. Padilla & Neede) did knowingly and at the request of U.S. Attorney's Office - Rockford (i.e. Jana Brady, ESQ) seize targeted documents related to Thomson-SMU. in general and specifically case 21-CV-50246 documents designed to sabotage Plaintiff's litigation, intimidate Plaintiff, and seized personal property of Plaintiff in retaliation for deposition statements made on August 9, 2023 of which Attorney Jana Brady participated. (See Rockford Case No. 22-CV-50128). Requested F.O.I.A documents/footage establishes retaliation events occurred.

— Pg. 2 of 4 —

( COUNT 1 )

1.) The allegations contained in Paragraph 1 through 6 of the jurisdictional statement are incorporated herein as though fully set forth herein.

2.) The F.B.O.P.- Central Office receives and maintains a system recordings/records of institutional C.C.T.V./surviellance cameras which includes U.S.P.- Coleman 1.

3.) On or about August 25, 2023, Plaintiff did in fact make a request, in writing, for true and complete copies of U.S.P.- Coleman 1 L-Housing Unit's C.C.T.V. (specified areas) camera footage for the date of August 10, 2023 (during period of 1PM to 3:30 PM) - to F.B.O.P.- Central Office's General Counsel (acting Attorney, J. Villa).

4.) J. Villa, of the Office of General Counsel, did fail, refuse, and neglect to comply with the Plaintiff's request. (See Attachments).

5.) On or about September 30, 2023, the Plaintiff elected to treat the failure to comply with F.O.I.A. and Privacy Act statutes as a denial of the F.O.I.A. request and did file an appeal with the Office of Information and Privacy, as directed in F.B.O.P. reply, all in compliance with the Provisions of 28 CFR § 16.7. (Attached).

6.) To date, Office of Information & Privacy has failed to respond to said F.O.I.A. appeal. As per statute, Plaintiff treated failure to reply (within six months) as a denial considering his administrative remedies exhausted, and authorizing Plaintiff to commence a related civil action (as herein).

— pg. 3 of 4 —

7.) Plaintiff brings this civil action for the purpose of being compensated (among which are undue stress, anxiety, loss of sleep, nausea, et cetera) and especially to compell Defendant(s)/ F.B.O.P., Employees to disclose to the Plaintiff the full/entire requested C.C.T.V. recordings (i.e. L-Unit's cameras covering upper-tier/level multipurpose room and cell#130 on August 10, 2023) as specified in the F.O.I.A. request of August 25, 2023, together with any other personnel records pertinent to said F.O.I.A.(PA) request.

## — RELIEF SOUGHT —

Wherefore, Plaintiff behoves This Court enter an order directing Defendants to disclose to Plaintiff the true, full, and unredacted records requested in the specified F.O.I.A./PA request together with the cost incurred with this action, punitive awards, and an allowance for attorney's fees, and also any other records and awards This Court deems just and proper.

## * CASE(LAW) SUPPORTING *

- 2023 U.S. Dist. LEXIS 137070 :: McConnill v. Mayorkas :: August 7, 2023 (Arkansas, W. Div.), No. 5:22-CV-05071

- 2023 U.S. Dist. LEXIS 126417 :: Baltas v. Bowers :: July 21, 2023 (Connecuit), No. 3:23-CV-0764

- Judicial Watch, Inc. v. United States D.O.C., 375 F.Supp. 3d 93, 101 (D.D.C. 2019)

(s) OCEANUS PERRY (PRO SE)                    DATE: MARCH 26, 2024

— Pg. 4 of 4 —



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

August 28, 2023

Oceanus Perry #65754-061
USP Coleman I
P.O. Box 1033
Coleman, FL 33521

Request Number: 2023-04712

Dear Mr. Perry:

This is in response to the above referenced Freedom of Information Act (FOIA) request. A copy of your request is attached.

To the extent non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of records would invade another individual's personal privacy. *See* 5 U.S.C. § 552(b)(6). Additionally, to the extent non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records. The Federal Bureau of Prisons (BOP) considered the foreseeable harm standard when applying FOIA exemptions.

If you have questions about this response please feel free to contact the undersigned, this office, or the BOP's FOIA Public Liaison, Ms. Kara Christenson, at: 202-616-7750 or 320 First Street NW, Room 924, Washington, DC 20534.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road (OGIS), College Park, MD 20740-6001 or 202-741-5770 (phone).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530. Your appeal must be postmarked within 90 days of the date of my response to your request. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*J. Villa*

J. Villa, for
Eugene E. Baime, Supervisory Attorney

Explanation of FOIA Exemptions

**5 U.S.C. § 552(b)(1)** protects classified information.

**5 U.S.C. § 552(b)(2)** concerns matters related solely to internal agency personnel rules or practices.

**5 U.S.C. § 552(b)(3)** concerns matters specifically exempted from release by statute.

**5 U.S.C. § 552(b)(4)** concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**5 U.S.C. § 552(b)(5)** concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege.

**5 U.S.C. § 552(b)(6)** concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(A)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

**5 U.S.C. § 552(b)(7)(B)** concerns records or information compiled for law enforcement purposes the release of which would deprive a person of a right to a fair trial or an impartial adjudication.

**5 U.S.C. § 552(b)(7)(C)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(D)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

**5 U.S.C. § 552(b)(7)(E)** concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

**5 U.S.C. § 552(b)(7)(F)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

**5 U.S.C. § 552(b)(8)** concerns matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions."

**5 U.S.C. § 552(b)(9)** concerns geological and geophysical information and data, including maps, concerning wells.

Oceanus Isley
Register No. 65754-061
Federal Correctional Complex -
United States Penitentiary - 1
P.O. Box 1033
Coleman, Florida 33521

SPECIAL MAIL
LEGAL MAIL

TAMPA FL 335
SAINT PETERSBURG FL
18 AUG 2023 PM 4 L



Received

AUG 25 2023

FOIA/PA Section
Federal Bureau of Prisons

F.B.O.P.
Central Office
Office of General Counsel
320 First Street, N.W.
Washington, D.C. 20534

20534-

## IDENTIFICATION OF REQUESTOR

NAME: Oceanus Perry

ALIAS: _____

CERTIFIED MAIL NO.

DATE OF BIRTH: 06/01/1977

REG. NO.: 65454-061

ADDRESS: United States Penitentiary-
Coleman 1
P.O. Box 1033
Coleman, Florida 33521

TO: F.B.O.P / Central Office
FOIA / Privacy Act Division
320 First Street, N.W.
Washington, D.C. 20534

RE: FREEDOM OF INFORMATION ACT (U.S.C. 552), PRIVACY ACT (5 U.S.C. 552a(d)(1)). Request: EXEMPTIONS (5 U.S.C. 552 (c) (1)), GENERAL (U.S.C. 552 a (j) (2)) OR SPECIFIC (U.S.C. 552 a (k) (2)) NOT APPLICABLE TO THIS REQUEST.

Dear Sir/Ms.:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a (d) (1)), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports; and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. 552 (c) (1)), (5 U.S.C. 552 a (j) (2), (k) (2), or law, Tarlton v. Saxbe, 507 F.2d. 1116. 165 U.S. App. D.C. 293 (1974), Menard v Saxbe, 498 F.2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d. 862, 868-69, (CA3 1975).

Received

AUG 25 2023

FOIA/PA Section
Federal Bureau of Prisons

-1-

SPECIFIC REQUESTS:

REQUEST FULL AND COMPLETE COPY OF "L-UNIT" SURVIELLANCE CAMERA(S) FOOTAGE FOR THE DATE OF AUGUST 10, 2023 — DURING THE TIME PERIOD OF 1PM TO 3:15PM (* IN PARTICULAR, ALL SURVIELLANCE CAMERA'S THAT MONITOR CELL #130.)

It is further requested that your Agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 552 a (d)(1)), Paton v. La Parde, 524 F.2d. 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 (1974).

It is further requested that your Agency provide me with a copy of specific regulations of your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

If and for any reason you choose not to send me any of the documents or papers requested, then please provide me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d. 820 (D.C. Cir. 1973).

If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. 552 (c) (1), 552 a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp.102, (N.D. Ill. 1976)), I request specific citation to authority for such deletion, Chastain v. Kelly, 510 F. 2d. 1232 (D.C. Cir. 1975). I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (d) (A), it is noted that your Agency has twenty (20) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations and the date as to when your Agency will be able to act upon request.

Yours truly,

(S) Oceanus Perry

Dated: August 11, 2023

Received
AUG 25 2023
FOIA/PA Section
Federal Bureau of Prisons

-2-

**U.S. Department of Justice**

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    _OCEANUS PERRY_

Citizenship Status [2] _CITIZEN_          Social Security Number [3] _— 0972_

Current Address _____

Date of Birth _JUNE 1ST OF 1977_    Place of Birth _YOUNGSTOWN, OHIO_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _(S) Oceanus Perry_          Date _AUGUST 11, 2023_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_ATTORNEY (MARGARET HART) - WASHINGTON LAWYER'S COMMITTEE_
Print or Type Name _700 E. 14th STREET, N.W, WASH, D.C. 20005_

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

_Received_
_AUG 25 2023_
_FOIA/PA Section_
_Federal Bureau of Prisons_

FORM APPROVED OMB NO. 1103-0016
EXPIRES 2/29/04

FORM DOJ-361
APR.01

TO: DIRECTOR, OFFICE OF INFORMATION POLICY
U.S. Dept. Of Justice
441 G Street, NW / 6th Floor / Washington, D.C. 20530

FROM: Oceanus Perry (Register #65754-061)
U.S. Pen. - Coleman 1 / P.O. Box 1033 / Coleman, Florida 33521

RE: Appeal Of F.O.I.A. Denial (2023-04712  ); Misapplication Of
Exemption Subsection Of §552 (Abuse Of Discretion By Agency).

To Whom It May Concern,

   I, Oceanus Perry, was the "Requestor" in the F.O.I.A. named above and do now submit this appeal of the denial said request for information. The rejection is irrational considering I have received a similar request for information from the Central Office (F.B.O.P.) previously and my request/F.O.I.A. was for public records (c.c.TV/camera footage). See original F.O.I.A. request and reply, Attached.

   Acting F.B.O.P. Supervisory Attorney (J. Villa) gave the following grounds for the denial of my F.O.I.A. request: 1) "disclosure of records would invade another individual's personal privacy". See 5 U.S.C. §552 (b)(6); and (2) "disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy". See 5 U.S.C. §552(b)(7)(c).

   My grounds for appeal are that an agency must "identify specific harms to the relevant protected interests that it can reasonably forsee would actually ensue from disclosure... speculation is not enough." (See Judicial Watch, Inc. v. United States Doc., 375 F.Supp.3d 93, 101 (D.D.C. 2019) and Juarez v. United States Dept. of Justice, 518 F.3d 54, 59-60, 380 U.S.App.D.C. 178 (D.D.C. Cir. 2008)). See also F.B.O.P. policy P1210.23, P1237.16, and P1351.05.

(s) Oceanus Perry (C/o #65754-061)                    Date: Sept. 30, 2023.

Oceanus Perry (Yo# 65754-061)
U.S. Pen. - Coleman 1
P.O. Box 1033 - Coleman, Fla 33521

# IN THE APPELLATE COURT FOR THE DISTRICT OF COLUMBIA

Oceanus Perry, Petitioner,

v.

F.B.O.P. - CENTRAL OFFICE
(GENERAL COUNSEL) Respondents.

Request No. 2023-04712

## MOTION UNDER (VAUGHN v. ROSEN) TO REQUIRE DETAILED INDEXING, JUSTIFICATION, AND ITEMIZATION

Plaintiff, Oceanus Perry, pro se, now moves This Court for an order requiring Defendants [Federal Bureau Of Prisons - Coleen S. Peters, Director] to provide within 30 days of the filing of the complaint in this action, a detailed justification for allegations contained in the Defendant's Answer and previous administrative denial that the requested documents are exempt from disclosure under the F.O.IA, 5 U.S.C. §552, including an itemization and index of the documents/information claimed to be exempt, correlating specific statements in such justification with actual portions of the requested documents/information. (see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. den. 415 U.S. 977 (1974).

(S) Oceanus Perry                                    DATE: Oct. 10, 2023

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

John Doe
_____
*Plaintiff*
v.
United States of America,
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 22 C 50128

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Oceanus Perry (#65754-061)
_____

*(Name of person to whom this subpoena is directed)*

☑ **Testimony: YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: USP Coleman I, 846 NE 54th Terrace, Sumterville, Florida 33521 (via WebEx) | Date and Time: 08/09/2023 11:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic (remote by stipulation via WebEx)
_____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/13/2023
_____

CLERK OF COURT

                                              OR

_____                    /s/ Jana L. Brady
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant United States _____, who issues or requests this subpoena, are:
AUSA Jana Brady, 327 S. Church St., Suite 3300, Rockford, IL 61101, jana.brady@usdoj.gov, (815)987-4462

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22 C 50128

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Oceanus Perry (#65754-061)

on *(date)*  07/13/2023  .

☑ I served the subpoena by delivering a copy to the named individual as follows:

Hand Delivery  at USP Coleman 1 booking area.

on *(date)*  7-20-23  ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $  62.88  for travel and $  65  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  07/13/2023  _____

*Server's signature*

Gary Williams Deputy U.S. Marshal

*Printed name and title*

401 West Central Blvd. Orlando, FL. 34711

*Server's address*

Additional information regarding attempted service, etc.:

FILED

7/22/2023  JB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# NOTICE  NOTICE

On June 9, 2004 the United States Supreme Court affirmed the fact that prison guards and officials can be held personally liable for retaliatory or harassment searches leaving an inmate's living area in disarray <u>See Scher vs. Engelke</u>, 943 F2d 921 (8th Cir.1991), cert. Denied, --U.S.--, 112 S. Ct. 1516, 177 Led. 652 (1992). Scher held that the scope of Eighth Amendment Protection is broader that mere infliction of physical pain.

## PRISON GAURDS AND OFFICIALS

You have now been given notice of clearly established law and Constitutional Rights. Retaliation and Harassment are Illega !!! Respect and Professionalism is Required. After your shakedown of this living area, Please leave it in the condition you found it.

The center for Constitutional Rights and Justice.
Copies are Provided Free

§ 285. Taking or using papers relating to claims

Whoever, without authority, takes and carries away from the place where it was filed, deposited, or kept by authority of the United States, any certificate, affidavit, deposition, statement of facts, power of attorney, receipt, voucher, assignment, or other document, record, file, or paper prepared, fitted, or intended to be used or presented to procure the payment of money from or by the United States or any officer, employee, or agent thereof, or the allowance or payment of the whole or any part of any claim, account, or demand against the United States, whether the same has or has not already been so used or presented, and whether such claim, account, or demand, or any part thereof has or has not already been allowed or paid; or

Whoever presents, uses, or attempts to use any such document, record, file, or paper so taken and carried away, to procure the payment of any money from or by the United States, or any officer, employee, or agent thereof, or the allowance or payment of the whole or any part of any claim, account, or demand against the United States--

Shall be fined under this title or imprisoned not more than five years, or both.

USCS                                    1

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

TO: CLERK OF COURTS
U.S. DISTRICT COURT (N. DIST. ILLINOIS, W. DIVISION)
375 SOUTH CHURCH STREET / ROCKFORD, ILLINOIS 61101

From: INMATE (OCEANUS PERRY, #/off #25754-061)
U.S. PEN. - COLEMAN 1 / P.O. Box 1033
COLEMAN, FLORIDA 33521

RE: CASE 21-CV-50246; F.O.I.A. NON-COMPLIANCE COMPLAINT; NOTICE OF DUE PROCESS VIOLATION (HISTORY OF); Cert. Mail # 7022 0410 0000 - 5285 7014

DEAR CLERK,

I, Oceanus Perry, have enclosed in this U.S.P.S. certified Mail (Legal) my complaint, under F.O.I.A. (5 §§ 552, 552(a)) which is related to civil case 21-CV-50246. I request and expect a hearing on this matter (via skype or similar App).

I have submitted two previous civil actions to this Court on which this Court has not acknowledged receipt of (both of which were delivered via U.S.P.S. certified Mail. # 7022 0410 0000 6630 4875 {Non-Receipt of Confirmation}. The first of which was related to a F.T.C.A. claim that progressed to civil action under § 1346(b) and concerned events at Thomson - SMU on the date(s) of May 28 and 29 of 2021. The second claim was a Bivens (§ 1331) claim related to dental care (tooth #3) for the period of time ending on January 6, 2022.
Your office (Clerk) has extensive history of procedural rules non-compliance (especially updating me at critical stages of these proceedings).
(S) OCEANUS PERRY (pro se)    cc: MERIK GARLAND, U.S. ATTY. GENERAL    DATE: 3/29/2024
@ OFFICE OF PROFESSIONAL RESPONSIBILITY